COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER TO REINSTATE

Appellate case name:       CSL Property Management Co. and Greatland Investments, Inc. v. Thyssenkrupp Elevator Co.

Appellate case number:     01-11-00665-CV

Trial court case number:   2009-75846

Trial court:               11th District Court of Harris County

This case was stayed pursuant to the automatic stay provision of the United States Code on October 26, 2011. *See* 11 U.S.C.S. § 362(a)(1) (LexisNexis 2009); TEX. R. APP. P. 8.1, 8.2. On August 17, 2012, appellee, Thyssenkrupp Elevator Co., filed a motion asking this Court to reinstate and dismiss this appeal. Appellee filed non-certified copies of the bankruptcy court's judgment and opinion, signed May 11, 2012, as exhibits to its motion to dismiss.

Also on August 17, 2012, appellants, CSL Property Management Co. and Greatland Investments, Inc., filed a response to appellee's motion to dismiss. In their response, appellants ask the Court to deny appellee's motion and move the Court to reinstate the appeal and to set a briefing schedule.

Although no party has filed a certified copy of the bankruptcy court's judgment, appellee did file non-certified copies of the bankruptcy court's judgment and opinion, which indicate that the bankruptcy court proceedings were dismissed on May 11, 2012, thereby demonstrating that the automatic stay is no longer in effect. *See* 11 U.S.C.S. § 362(c)(2)(B) (LexisNexis 2009); TEX. R. APP. P. 8.3(a). Further, both parties have moved the Court to reinstate this appeal. Therefore, we find that the parties have substantially complied with Rule 8.3(a) of the rules of appellate procedure. *See* TEX. R. APP. P. 2, 8.3(a); *Lessard v. Velsicol Chemical Corp.*, No. 13-00-00113-CV, 2009 WL 1089362, *3 n.4 (Tex. App.—Corpus Christi April 23, 2009, pet. denied). Accordingly, we **GRANT** appellant's motion and **REINSTATE** this case.

Pursuant to Rule 8.2 of the rules of appellate procedure, any "period that began to run and had not expired at the time the proceeding was suspended begins anew when the proceeding is reinstated." TEX. R. APP. P. 8.2. Appellants' brief(s) was/were originally due on October 10, 2011. On October 12, 2011, this Court granted appellants' motion for extension of time to file their brief and ordered the brief to be filed by November 9, 2011. Before that deadline expired, the appeal was stayed. Therefore, the period for filing the appellant's brief must begin anew.

Based on the bankruptcy court's statement that appellant "appears to have filed the Chapter 7 petition in order to delay state court litigation," the fact that appellants' brief was originally due October 10, 2011, and the fact that appellants have previously been granted an extension of time for filing their brief, we **ORDER** appellants' brief(s) to be filed no later than 20 days from the date of this order and, absent extraordinary circumstances, no further extensions will be granted. *See* TEX. R. APP. P. 38.6(d) (allowing court to shorten time to file brief). If appellants fail to file a brief within 20 days of the date of this order, the Court may dismiss the appeal for want of prosecution without further notice. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b).

Appellee's motion to dismiss is **DENIED**.

It is so **ORDERED**.


Judge's signature: /s/ <u>Justice Harvey Brown</u>
      ☑ Acting individually     ☐ Acting for the Court


Date: August 22, 2012